# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LAURA WILLIAMSON,**

   **Plaintiff,**

v.               Case No:  6:18-cv-767-Orl-31TBS

**DIGITAL RISK, LLC, DIGITAL RISK MORTGAGE SERVICES, LLC, MPHASIS CORPORATION and MPHASIS LIMITED, INC.,**

   **Defendants.**

## ORDER

This Matter comes before the Court without a hearing on the Defendants' Partial Motion to Dismiss Count IX of Plaintiff's Amended Complaint for Breach of Contract (Doc. 29) and the Plaintiff's Response (Doc. 30).

### I. Background

The Plaintiff began working as a senior operations manager for Digital Risk, LLC and Digital Risk Mortgage Services, LLC (collectively, "Digital Risk") in 2010. Doc. 1 ¶ 11. In 2012, a conglomerate of Mphasis Corporation and Mphasis Limited, Inc. purchased both of the Digital Risk entities. *Id.* ¶ 12. Because the four defendants are so highly integrated, the Court will refer to them collectively as the "Defendants." The Plaintiff makes numerous allegations against the Defendants, but only one allegation—that the Defendants breached an oral contract during the course of the Plaintiff's employment with them—is at issue here. According to the Plaintiff, beginning in 2010, the Defendants agreed to pay her monthly commissions in addition to her base salary. In 2013, when she was transferred to the sales team, the Defendants agreed to pay her monthly commission on both

new and existing clients, as well as specific bonuses and stock options. Doc. 26 at 20. The Plaintiff claims that she did not receive the commissions and bonuses that she was owed. *Id.* at 21.

The Plaintiff filed her original Complaint on May 17, 2018. Doc. 1. Count I alleged Title VII Gender Discrimination; Count II alleged Title VII Gender-Based Harassment; Count III alleged Title VII Retaliation; Count IV alleged Equal Pay Act Discrimination; Count V alleged Florida Civil Rights Act Gender Discrimination; Count VI alleged Florida Civil Rights Act Gender-Based Harassment; Count VII alleged Florida Civil Rights Act Retaliation; Count VIII alleged discrimination in violation of Florida Statute Section 725.07; Count IX alleged both negligent and intentional infliction of emotional distress; Count X alleged defamation *per se*; and Count XI alleged breach of contract.

On June 25, 2018, the Defendants filed a Partial Motion to Dismiss Counts VIII, IX, X, and XI of the Complaint. Doc. 10. The Court granted that motion in part and dismissed Counts VIII and IX (with prejudice) and Count XI (without prejudice). Doc. 25. The Plaintiff later amended her complaint with respect to Count XI, which is now Count IX of the Amended Complaint. Doc. 26. The Defendants later filed the instant Motion, and the Plaintiff responded.

**II.     Legal Standards**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual

deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

**III.   Analysis**

The Plaintiff acknowledges that she was an at-will employee during her time working for the Defendants. However, the Plaintiff claims that, after hiring her, the Defendants entered into an oral contract with her that governed her compensation while employed rather than her employment itself. It is this alleged agreement that is the subject of Count IX.

Under Florida law, to prevail on a breach of contract claim, plaintiff must establish "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 857 F. Supp. 2d 1294, 1301 (S.D. Fla. 2012) (quoting *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)). A contract is not enforceable unless "'there has actually been a meeting of the minds of the parties upon definite terms and conditions which include the essential elements of a valid contract.'" *Leopold v. Kimball Hill Homes Fla., Inc.*, 842 So. 2d 133, 136 (Fla. 2d DCA 2003) (quoting *Mehler v. Huston*, 57 So.2d 836, 837 (Fla. 1952)). "Furthermore, to prove a breach of an oral contract, a plaintiff must establish that the parties mutually assented to a certain and definite proposition and left no essential terms

open." *Merle Wood & Assocs., Inc.*, 857 F. Supp. 2d at 1301 (internal quotation marks and citations omitted).

The Plaintiff claims that the Defendants did not properly compensate her according to the terms of their oral contract, causing her to suffer damages. The Amended Complaint is ambiguous as to when the oral contract at issue came into being. In her Response, the Plaintiff indicates that there was an initial oral contract for compensation when Ms. Williamson was hired at will by the Defendants in 2010. Doc. 30 at 5. Additionally, in 2013, Ms. Williamson was transferred to a sales team "in exchange for base salary pay, commissions, and other employment benefits." *Id.* The Plaintiff claims that the Defendants breached the oral contract "by failing to properly pay Ms. Williamson her bargained-for commissions, stock options, and other employment benefits," and that she suffered damages as a result. *Id.* The Plaintiff has added details since this Court dismissed the previous breach of contract claim, but the essential terms of the contract and the particular actions that constituted the breach remain unclear. Most importantly, the Plaintiff does not provide any information as to how much compensation was promised. While exact numbers might not be necessary, some quantification of what was promised is essential to the Plaintiff's claim. The Plaintiff has once again failed to state a claim for breach of contract.

### IV. Conclusion

For the foregoing reasons, the Defendants' Partial Motion to Dismiss (Doc. 29) is **GRANTED**. Count IX of the Amended Complaint is **DISMISSED** without prejudice. The Court will give the Plaintiff one more chance to state a claim for breach of contract. If the Plaintiff wishes to file an amended complaint, she may do so within fifteen (15) days of the date of this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 16, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party