# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LAURA WILLIAMSON,**

   **Plaintiff,**

**v.**                       Case No: 6:18-cv-767-Orl-31TBS

**DIGITAL RISK, LLC, DIGITAL RISK
MORTGAGE SERVICES, LLC,
MPHASIS CORPORATION and
MPHASIS LIMITED, INC.,**

   **Defendants.**

## ORDER

This Matter comes before the Court without a hearing on the Defendants' Motion to Dismiss Count IX of Plaintiff's Second Amended Complaint for Breach of Contract (Doc. 37) and the Plaintiff's Response (Doc. 38).

### I. Background

The Plaintiff began working as a senior operations manager for Digital Risk, LLC and Digital Risk Mortgage Services, LLC (collectively, "Digital Risk") in 2010. Doc. 1 ¶ 99. In 2012, a conglomerate of Mphasis Corporation and Mphasis Limited, Inc. purchased both of the Digital Risk entities. *Id.* ¶ 11. Because the four defendants are so highly integrated, the Court will refer to them collectively as the "Defendants." The Plaintiff makes numerous allegations against the Defendants, but only one allegation—that the Defendants breached an oral contract during the course of the Plaintiff's employment with them—is at issue here. According to the Plaintiff, beginning in 2010, the Defendants agreed to pay her monthly commissions in addition to her base salary. In 2013, when she was transferred to the sales team, the Defendants agreed to pay her monthly commission on both

new and existing clients, as well as specific bonuses and stock options. *Id.* ¶ 99. The Plaintiff claims that she did not receive the commissions and bonuses that she was owed.

The Plaintiff filed her original Complaint on May 17, 2018. Doc. 1. Count I alleged Title VII Gender Discrimination; Count II alleged Title VII Gender-Based Harassment; Count III alleged Title VII Retaliation; Count IV alleged Equal Pay Act Discrimination; Count V alleged Florida Civil Rights Act Gender Discrimination; Count VI alleged Florida Civil Rights Act Gender-Based Harassment; Count VII alleged Florida Civil Rights Act Retaliation; Count VIII alleged discrimination in violation of Florida Statute Section 725.07; Count IX alleged both negligent and intentional infliction of emotional distress; Count X alleged defamation *per se*; and Count XI alleged breach of contract.

On June 25, 2018, the Defendants filed a Partial Motion to Dismiss Counts VIII, IX, X, and XI of the Complaint. Doc. 10. The Court granted that motion in part and dismissed Counts VIII and IX (with prejudice) and Count XI (without prejudice). Doc. 25. The Plaintiff later amended her complaint with respect to Count XI, which became Count IX of the Amended Complaint. Doc. 26. The Court granted the Defendants' Motion to Dismiss Count IX but gave the Plaintiff one more chance to adequately plead her breach of contract claim. The Plaintiff then filed her Second Amended Complaint. Doc. 33.

## II. Legal Standards

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *See Jenkins v.*

*McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

**III.    Analysis**

The Plaintiff claims that, after hiring her, the Defendants entered into an oral contract with her that governed her compensation while employed rather than her employment itself. It is this alleged agreement that is the subject of Count IX. Under Florida law, to prevail on a breach of contract claim, plaintiff must establish "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 857 F. Supp. 2d 1294, 1301 (S.D. Fla. 2012) (quoting *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)). A contract is not enforceable unless "'there has actually been a meeting of the minds of the parties upon definite terms and conditions which include the essential elements of a valid contract.'" *Leopold v. Kimball Hill Homes Fla., Inc.*, 842 So. 2d 133, 136 (Fla. 2d DCA 2003) (quoting *Mehler v. Huston*, 57 So.2d 836, 837 (Fla. 1952)). "Furthermore, to prove a breach of an oral contract, a plaintiff must establish that the parties mutually assented to a certain and definite proposition and left no essential terms open." *Merle Wood & Assocs., Inc.*, 857 F. Supp. 2d at 1301 (internal quotation marks and citations omitted).

The Defendants claim that the same deficiencies from which the Plaintiff's previous complaints suffered persist in the Second Amended Complaint. Doc. 37 at 2. As they have done before, the Defendants argue that the Plaintiff was an "at-will" employee. The Plaintiff does not dispute her at-will status. However, the Plaintiff's breach of contract claim does not allege that her termination breached the contract. Instead, the Plaintiff argues that she and her employer had an oral contract that she would receive a certain amount of pay for her work. The Plaintiff alleges that she completed the work and was not paid the agreed-upon amount. Thus, the Defendants' arguments relating to the Plaintiff's at-will status are irrelevant.

The Defendants also argue that the Second Amended Complaint "fails to sufficiently allege the essential terms of an oral contract between Plaintiff and Defendants." Doc. 37 at 4. Although the Plaintiff "identifies a base salary of $185,000 allegedly promised to her plus a commission of .25% for the revenue of each client she serviced," the Defendants contend that her pleading remains deficient, because she "fails to identify the range of possible commission, the number of clients she would potentially service, or the range of her overall salary including base salary plus commission." Doc. 37 at 5. None of those things render the Plaintiff's pleading deficient; the Plaintiff has sufficiently pled the essential terms of the oral contract that she alleges was breached.

The Defendants contend that "the Second Amended Complaint lacks facts from which the Court could conclude that the alleged oral contracts were capable of being performed in one year, and thus, they are barred by the statute of frauds." Doc. 37 at 7. Oral contracts that are capable of performance within one year are not barred. *First Realty Inv. Corp. v. Gallaher*, 345 So. 2d 1088, 1089 (Fla. 3d DCA 1977). The Defendants' analysis focuses on the fact that the alleged breaches took place during multiple years, declaring that "Plaintiff does not state with any specificity if the alleged breaches occurred within one (1) year from the offer." Doc. 37 at 8. However, despite the

Defendants' correct statement of law at the outset of their analysis, the Defendants apparently misunderstand the Statute of Frauds. It does not matter whether the contract was in fact performed within one year, only that it was *capable* of being performed within one year. The Second Amended Complaint alleges that either the Plaintiff or the Defendants were free to terminate the employment relationship at any time. The Plaintiff also indicates that she was to receive compensation periodically, including monthly commissions, so it is clear from the Second Amended Complaint that the alleged oral contract was capable of being performed within one year.

**IV.   Conclusion**

For the foregoing reasons, the Defendants' Motion to Dismiss (Doc. 37) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 1, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party