LAURA WILLIAMSON,

      Plaintiff,

v.                                 Case No:  6:18-cv-767-Orl-31TBS

DIGITAL RISK, LLC, DIGITAL RISK
MORTGAGE SERVICES, LLC, MPHASIS
CORPORATION and MPHASIS
LIMITED, INC.,

      Defendants.

_____

## ORDER

Pending before the Court are Plaintiff's Motion and Amended Motion to Extend Scheduling Order Deadlines (Docs. 42, 43). The motion as amended seeks an extension of all case management deadlines including discovery, dispositive motions, and trial, for "at least ninety days from the presently scheduled dates" (Doc. 43 at 7). Defendants oppose the motions (Doc. 45). Upon review, the Court does not find good cause to grant the relief.

Background

On May 17, 2018, Plaintiff filed this lawsuit against her former employers, alleging employment discrimination (Doc. 1). The parties met to prepare their Case Management Report on August 7, 2018 (thus starting the discovery period) and filed their Case Management Report (containing proposed case management deadlines) on August 13, 2018 (Doc. 21 at 2). The Case Management and Scheduling Order governing this case was issued the next day (Doc. 22). The Court adopted the deadlines agreed to by the parties for the disclosure of expert reports, but *extended* all other proposed deadlines,

including those for discovery, dispositive motions, mediation and trial (Id.). The parties

have mediated this controversy twice, and according to the motion and response, have

engaged in significant discovery including taking several depositions.

On February 1, 2019, the parties filed a First Joint Motion to Extend Scheduling

Order Deadlines (Doc. 35), noting:

> The Parties have exchanged significant discovery, taken
> several depositions, and continue to undertake significant
> additional percipient discovery. Nevertheless, due to the
> number of parties, witnesses, documents, and counsels' busy
> calendars, the parties maintain that discovery is not yet
> complete. Further complicating the timelines has been the
> government shutdown and its effect on Defendants' counsel's
> EEOC deadlines, and Plaintiff's recent creation of its new firm
> which was launched in January.
>
> ***
>
> The Parties maintain that because various discovery is
> outstanding, the experts do not have adequate information to
> prepare their reports timely. Further, because of the difficulties
> in scheduling depositions of Indian witnesses, the discovery
> deadline, the dispositive motion deadline, and the Daubert
> motion deadline must also be extended. Therefore, the Parties
> submit, that despite their due diligence, the above deadlines
> cannot reasonably be met. Therefore, these deadlines should
> be extended for good cause.

(Doc. 35 at 2, 4). The Court granted the motion, and extended the deadlines as

requested, giving the parties an additional three months for expert disclosures (from

February 1 to May 1 for Plaintiff and from March 1 to June 3 for Defendant); an additional

two months for discovery; and an extension from June 3 to August 1, 2019 for filing

dispositive motions (Doc. 36). The pending motions were filed April 11, 2019.

Analysis

Plaintiff seeks an extension of all deadlines for "at least" ninety days. As grounds

she states:

> The Parties have been to mediation twice, most recently being March 6, 2019, and have exchanged significant discovery, taken several depositions, and continue to undertake significant additional percipient discovery and confer regarding same. Nevertheless, due to the number of parties, witnesses, and documents, discovery is not even near complete.
>
> Further complicating the timelines has been the government shutdown and its effect on Defendants' counsel's EEOC deadlines earlier this year, and Plaintiff's recent creation of its new firm which was launched in January.

(Doc. 43 at 2). Plaintiff contends that there is outstanding discovery which has yet to be concluded and references several ongoing discovery disputes. She reports that although she had a consulting vocational expert, she is actively attempting to retain a testifying vocational expert, but to date, has been unable to do so. She argues that she "will not be able to establish her claims if she is not given time to retain a vocational expert with experience in cases such as this" and that she is "entitled to hire an expert of her choosing with the proper background for this case, not simply one that may be available." (Doc. 43 at 5). Plaintiff contends that she will be prejudiced if the Court does not extend the current deadlines for at least ninety days, and she says these extensions are required for full adjudication of the merits (Id., at 9). Defendants counter that Plaintiff has had ample opportunity to complete discovery and a further extension is not warranted (Doc. 45).

Plaintiff's motions are brought pursuant to Rule 16(b)(4), FED. R. CIV. P., which provides that after a scheduling order is entered, it "may be modified only for good cause and with the judge's consent." See Abruscato v. GEICO Gen. Ins. Co., No. 3:13-CV-962-J-39JBT, 2014 WL 12616965, at *2 (M.D. Fla. May 30, 2014). To show good cause under Rule 16(b), a party must establish that despite her diligence the deadline could not be

met. <u>Sosa v. Airport Sys., Inc.,</u> 133 F.3d 1417, 1419 (11th Cir.1998) (citing FED. R. CIV. P. 16 Advisory Committee's Note). Plaintiff has failed to show good cause for any further extension.

Plaintiff has already received a generous extension of the deadlines she agreed to at the inception of the case. And, the grounds listed in her motion are the same grounds she used to justify the prior extensions, which included a ninety-day extension for expert disclosures. There is no good cause reason to justify an additional ninety days to secure an expert. The parties have engaged in "significant" discovery since August, and they have until July 1 to conclude the remaining discovery. The proposed further extension would result in a discovery period of well over a year. There is no showing why so much time is necessary to discover the facts relevant to this one plaintiff dispute, and no convincing showing that discovery cannot be concluded in the already extended time period. Finally, to the extent the motion seeks a continuance of the trial date, Plaintiff has not complied with Local Rule 3.09(d). Even if the motion showed compliance, good cause for such a continuance has not been established.

Now, the Motion to Extend Scheduling Order Deadlines (Doc. 42) is **DENIED as moot,** in view of the amended motion. The Amended Motion to Extend Scheduling Order Deadlines (Doc. 43) is **DENIED** on the merits. This denial is without prejudice to renewal for a limited extension of the discovery deadline, if appropriate and warranted, directed to any **specific** discovery that cannot be completed by the deadline.

**DONE** and **ORDERED** in Orlando, Florida on April 30, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record